UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARITA TURNER,

        Petitioner,        Civil No. 1:13-CV-12743
                                      Honorable Thomas L. Ludington

v.

INSPECTOR INGE,

        Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

      Marita Turner, currently confined at the Huron Valley Women's Correctional Facility, filed this pro se civil rights complaint. She does not make specific allegations in her form complaint. Instead, in the "statement of facts" section, Turner states that she has exhausted all state remedies and that the defendant is not entitled to immunity. She identifies a single defendant, Inspector Inge, and seeks ten million dollars in damages.

**I**

      Turner has been granted leave to proceed without prepayment of the filing fee for this action because she is indigent. Under the Prison Litigation Reform Act (PLRA), the Court is required to sua sponte dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an

arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56 (citations and footnote omitted).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A pro se civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded pro se plaintiffs, the Court finds that the complaint is subject to summary dismissal.

Turner's complaint does not identify any federal right, privilege, or immunity that was purportedly violated. In addition, she does not assert any specific allegations against the sole named defendant. Basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); Fed. R. Civ. P. 8(a). A complaint must allege each defendant's personal involvement with the alleged violation of federal rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were

personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 200 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant). Moreover, conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g ., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Here, Turner has failed to state a claim upon which relief may be granted.

**II**

Accordingly, it is **ORDERED** that the complaint, ECF No. 1, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is further **ORDERED**, that if Turner elects to appeal this decision, she may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: May 8, 2014                                       s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Marita Turner #817099, Huron Valley Complex - Womens, 3201 Bemis Road, Ypsilanti, MI 48197 by first class U.S. mail, on May 8, 2014.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS