UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARITA TURNER,

       Plaintiff,                           Case No. 13-12743
                                                  Honorable Thomas L. Ludington

v.

INSPECTOR INGE,

       Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

Marita Turner, an inmate at the Huron Valley Woman's Correctional Facility, filed a pro se civil rights complaint on June 20, 2013. In her complaint, Turner does not state any claims against any defendants, she simply indicates that she "has exhausted all state remedies in this issue" and that "these defendants violated policy and procedure they are not entitled to immunity." Pl.'s Compl. 3, ECF No. 1. As a result, Turner "is seeking $10 million." *Id*.

On May 8, 2014, the Court sua sponte dismissed Turner's complaint because it does not "identify any federal right, privilege, or immunity that was purportedly violated." Op. & Order 2, ECF No. 7. Indeed, "[a] complaint must allege each defendant's personal involvement with the alleged violation of federal rights[,]" *see Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002), and Turner's complaint did not allege any defendant's personal involvement in any alleged violation.

On May 16, 2014, Turner filed a letter on the docket "requesting order of reconsideration." Pl.'s Mot. 1, ECF No. 9. Although not styled as a motion requesting relief, Turner's letter will be construed as a motion for reconsideration under Local Rule 7.1.

Local Rule 7.1 allows a party to bring a motion for rehearing or reconsideration "within 14 days after the entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). To succeed, such a motion must demonstrate not only "a palpable defect by which the court and the parties . . . have been misled," but also "that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "[M]otions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. *Id*.

Although her letter is far from clear, it appears that Turner is attempting to state a claim against "Inspector Inge" based on violations of the "Thirteenth and Fourteenth Amendment[s]." Pl.'s Mot. 1. Specifically, Turner claims that she was "subjected to intentional racial discrimination in prison jobs." *Id*. Apparently she "was removed from a job detail by Inspector Inge because of a ticket. The ticket plaintiff received had nothing to do with her job detail nor related to her job detail." *Id*. Turner concludes that because her "ticket was not even for enough days to remove her from her detail[,]" Inspector Inge must have removed her from the job detail because of her race. *Id*. at 2.

Turner is, however, ultimately mistaken; her motion for reconsideration will be denied. This conclusion stems from the fact that even if the allegations raised in Turner's letter are liberally construed as a part of the pleadings in her complaint, she still has not stated an equal protection claim against Inspector Inge.

Prisoners such as Turner do not have "a liberty or property interest" in prison jobs, but it remains possible for a prisoner to state an equal protection claim "arising from the loss of that job." *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). In fact, as the Seventh Circuit hypothesized, "if prison officials were to allocate . . . prison jobs . . . on an otherwise illegal or

- 2 -

discriminatory basis, their actions would be unconstitutional even though such privileges do not constitute liberty or property interests." *Id*. (collecting cases). All a plaintiff asserting an equal protection violation need establish is that a state actor treated her differently than persons of a different race and that the state actor did so purposefully. *See Washington v. Davis*, 426 U.S. 229, 239–42 (1976).

But even with the aid of the statements in her motion for reconsideration, Turner has not stated an equal protection claim based on the loss of her prison job. While she makes a generalized allegation that her Fourteenth Amendment rights were violated, she does not include any factual allegations showing that Inspector Inge purposefully and intentionally discriminated against her because of her race. And a person bringing an equal protection claim "must show that she is a member of a protected class and that she was intentionally and purposefully discriminated against because of her membership in that protected class." *Jones v. Union Cnty., TN*, 296 F.3d 417, 426 (6th Cir. 2002) (citation omitted).

Turner has pled nothing that raises the possibility that she was removed from her prison job because of her race rather than because she received a disciplinary ticket. Her motion for reconsideration will be denied.

Accordingly, it is **ORDERED** that Turner's motion for reconsideration, ECF No. 9, is **DENIED**.

Dated: May 28, 2014                               s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Marita Turner #817099, Huron Valley Complex-Womens, 3201 Bemis Road, Ypsilanti, MI 48197 by first class U.S. mail, on May 28, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS